UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SHOWING ANIMALS RESPECT AND KINDNESS,

Plaintiff,

v.

UNITED STATES COAST GUARD, DEPARTMENT OF HOMELAND SECURITY, SECRETARY JEH JOHNSON, ADMIRAL PAUL ZUKUNFT, AND DOES 1-10,

Defendants.

Case No.: 16cv1039 AJB (NLS)

**ORDER GRANTING MOTION TO TRANSFER VENUE**

Presently before the Court is Defendants, United States Coast Guard, Department of Homeland Security, Secretary Jeh Johnson, Admiral Paul Zukunft, and DOES 1-10 (collectively referred to as "Defendants") motion to transfer venue to the District of Oregon pursuant to 28 U.S.C. § 1404(a). (Doc. No. 5.) Upon review of the parties' arguments in support and opposition of the motion, the Court finds the motion suitable for determination on the papers and without oral argument pursuant to Local Rule 7.1.d.1. Accordingly, the motion hearing set for November 10, 2016 at 2:00 p.m. in courtroom 3B is hereby vacated. As set forth more fully below, Defendants' motion is **GRANTED**.

///

## I. BACKGROUND

On April 29, 2016, Plaintiff Showing Animals Respect and Kindness ("Plaintiff"), brought this action alleging violation of their First Amendment rights, All Writs Act, and False Statements to a Federal Officer. (Doc. No. 1 ¶ 21-34.) Plaintiff is seeking general and special compensatory damages and declaratory and injunctive relief enjoining Defendants from enforcing a safety exclusion zone on the Columbia River. (*Id*.) In addition, Plaintiff's complaint requested a temporary restraining order. This request was denied on May 2, 2016. (Doc. No. 3.)

Plaintiff is a 501(c)(3) nonprofit organization that works to document and expose instances of animal cruelty. (Doc. No. 1 ¶¶ 1, 11.) Plaintiff alleges that the United States Department of Agriculture ("USDA") operates a "highly secretive program" called "Wildlife Services" that, at the request of corporate agriculture, is an operation that kills native predators with traps, snares, poisons, gas, and aerial gunning. (*Id* ¶ 9.) Beginning in April 2016, Plaintiff alleges that Wildlife Services began killing cormorants, an aquatic bird, to benefit the salmon industry in Washington State. (*Id*. ¶ 12.) Upon learning of this event, Plaintiff arrived at the Columbia River to observe and document the USDA boat called "Nessy" killing cormorants with shotguns from their boat. (*Id*. ¶ 13.) Plaintiff used its own boat, "Bob and Nancy," a small vessel, to personally document and observe the killings. (*Id*. ¶ 14.) Plaintiff alleges that on April 18, 2016, the killing of cormorants ceased as the Wildlife Services employees did not want to be documented killing wildlife. (*Id*. ¶ 15.)

On April 25, 2016, the United States Coastguard ("USCG") issued a "safety exclusion zone" memo ordering all boats to stay 500 yards away from the Nessy.[1] (*Id*. ¶ 16.) The memo establishes a "temporary safety zone for navigable waters of the Columbia River within a 500-yard radius of the small boat 'Nessy,' while in the area of Sand Island, near Chinook, WA." (Doc. No. 1 Ex. A at 1.) The memo also states that the "safety zone is needed to protect personnel, vessels, and the marine environment from potential hazards

[1] On April 25, 2016, Plaintiff was served with the safety exclusion zone memo after USCG agents boarded and inspected the Bob and Nancy. (Doc. No. 1 ¶ 20.)

caused by the removal operations." (*Id.*) Plaintiff alleges that once the safety exclusion zone was implemented, Wildlife Services employees resumed the killing of cormorants. (Doc. No. 1 ¶ 17.)

Defendants move to transfer venue to the District of Oregon on the grounds that the alleged wrongful conduct upon which Plaintiff's claims are based occurred in Oregon and there is currently another case pending before the District of Oregon arising out of the same facts. (Doc. No. 5-1 at 2.) *See Audubon Society of Portland v. U.S. Army Corps of Engineers*, No. 15cv00665 (April 20, 2015). Plaintiff opposes the instant motion and filed an opposition on September 6, 2016. (Doc. No. 7.) Defendants did not file a reply brief to this present matter as set forth in the briefing schedule. (Doc. No. 6.)

## II. LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil matter to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The purpose of § 1404(a) is to "prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (internal citation omitted). Whether to transfer a case pursuant to § 1404 is in the broad discretion of the district court and is appropriately determined on an individualized basis. *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000).

To support a motion to transfer venue, the moving party must establish that (1) venue is proper in the original district; (2) the transferee district is one where the action could have been brought; and (3) the transfer will serve the convenience of the parties and witnesses and will promote the interests of justice. *Vu v. Ortho-McNeil Pharm. Inc.*, 602 F. Supp. 2d 1151, 1155-56 (N.D. Cal. 2009). "Generally, a defendant 'must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum.'" *In re Ferrero Litigation*, 768 F. Supp. 2d 1074, 1078 (S.D. Cal. 2011) (quoting *Decker Coal Co. v. Commonw. Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986)), *superseded by statute on other grounds by* 28 U.S.C. § 1391.

In assessing whether a transfer of venue will serve the convenience of the parties and witnesses, courts consider the following factors: (1) the plaintiff's choice of forum; (2) convenience of the parties; (3) convenience of the witnesses; (4) ease of access to the evidence; (5) familiarity of each forum with an applicable law; (6) feasibility of consolidation with other claims; (7) any local interest in the controversy; and (8) the relative court congestion and time of trial in each forum. *Hawkins v. Gerber Products Co.*, 924 F. Supp. 2d 1208, 1213 (S.D. Cal. 2013).

## III. DISCUSSION

### 1. Venue in Transferor and Transferee Courts

The first step in the Court's venue analysis is to determine whether the instant motion could have been brought in the transferee district, the District of Oregon. Pursuant to 28 U.S.C. § 1391(b), a civil action may be brought in any of the following:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

This action could have been brought in the District of Oregon. As Defendants note in support of transfer, the District of Oregon is where the events and omissions giving rise to Plaintiff's alleged claims happened. (Doc. No. 5-1 at 2.) Such minimum contacts with the transferee district is sufficient to establish personal jurisdiction. Accordingly, this action could have been properly filed in the District of Oregon. The Court now turns to evaluate whether the fairness factors weigh in favor of transferring venue.

### 2. Fairness Factors

Once a court has determined that venue is proper in the transferee district, it then considers public factors relating to the interest of justice, as well as private factors focused on the convenience of the parties and witnesses. *Decker Coal Co.*, 805 F.2d at 843. These

factors include (1) the plaintiff's choice of forum; (2) the convenience of parties and witnesses; (4) the ease of access to evidence; (4) the familiarity of each forum with the applicable law; (5) the feasibility of consolidation of claims; (6) the local interest in the controversy; and (7) the relative court congestion and time to trial in each forum. *Id*.; *Young v. TransUnion Corp.*, No. 13-cv-01473-BAS (KSC), 2015 WL 2384153, at *3 (S.D. Cal. May 19, 2015). The Ninth Circuit recognizes that the "[w]eighing of factors for and against transfer involves subtle considerations and is best left to the discretion of the trial judge." *Sparling v. Hoffman Constr. Co. Inc.*, 864 F.2d 635, 639 (9th Cir. 1988).

**A. Plaintiff's Choice of Forum**

Ordinarily, a strong presumption exists in favor of a plaintiff's choice of forum. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255 (1981). This presumption is overcome only when private and public interest factors "clearly" point toward an alternative forum. *Id*. However, in cases where a plaintiff's choice of forum lacks a significant connection to the transactions giving rise to the plaintiff's claims, a plaintiff's choice of forum is entitled to less weight. *Pac. Car & Foundry Co. v. Pence*, 403 F.2d 949, 954 (9th Cir. 1968) ("Plaintiff's choice of forum, then, is not the final word").

Defendants argue that Plaintiff's choice of forum is entitled to little deference because the incident central to this matter occurred in the District of Oregon. (Doc. No. 5-1 at 3.) Defendants additionally argue that the only contacts this matter has with the Southern District of California is that two of Plaintiff's counsels of record practice in San Diego. (*Id*.) In response, Plaintiff argues that the Wildlife Services program is very active in San Diego and that the Coast Guard also operates in San Diego waters. (Doc. No. 7 at 2.) Plaintiff also contends that Plaintiff could be subjected to the same safety exclusionary zone in the waters of San Diego as it was in Oregon. (*Id*.)

The Court finds that there is no connection between Plaintiff's choice of forum, and the actions giving rise to this litigation. Plaintiff is an Illinois based non-profit company that alleges that Defendants' conduct in Oregon offended its First Amendment Rights. (Doc. No. 1 ¶¶ 1, 21-26.) As the events giving rise to Plaintiff's claim occurred in Oregon, the Court finds Plaintiff's choice of forum is entitled to less deference. *See Park v. Dole*

*Fresh Vegetables, Inc.*, 964 F. Supp. 2d 1088, 1094-95 (N.D. Cal. 2013) (stating that "[w]hile substantial consideration is generally given to a plaintiff's choice of forum, the degree of deference is substantially diminished in several circumstances, including where…the conduct giving rise to the claims occurred in a different forum" ) (citations and internal quotations omitted)).

**B. Convenience of Witnesses**

"The relative convenience to witnesses is often recognized as the most important factor to be considered in ruling on a motion under § 1404(a)." *Metz v. U.S. Life Ins. Co.*, 674 F. Supp. 2d 1141, 1147 (C.D. Cal. 2009). In analyzing this factor, "courts look to who the witnesses are, where they are located, what their testimony will be and why such testimony is relevant." *Florens Container v. Cho Yang Shipping*, 245 F. Supp. 2d 1086, 1092 (N.D. Cal. 2002) (citing *A.J. Industries, Inc. v. United States Dist. Ct.*, 503 F.2d 384, 389 (9th Cir. 1974)).

In support of transfer, Defendants state that all of the witnesses in this matter are located in the District of Oregon. (Doc. No. 5-1 at 3.) In response, Plaintiff argues that Defendants have failed to identify any potential witnesses by name or described their testimony. (Doc. No. 7 at 3.) Plaintiff also suggests that Defendants have unlimited resources as agencies of the federal government, thus there would be no inconvenience to have witnesses attend a trial in San Diego. (*Id.*)

Neither Plaintiff nor Defendants have identified any specific potential witnesses, their location, or the importance of the witnesses to the present matter. Defendants only state in a conclusory manner that "all witnesses are located in the District of Oregon." (Doc. No. 5-1 at 3.) Accordingly, the Court concludes that this factor is neutral. *See Hawkins*, 924 F. Supp. 2d at 1215.

**C. Convenience of the Parties**

The consideration of convenience to the parties is less compelling to either party's position as Defendants and Plaintiff do not reside in Oregon and both would be inconvenienced by litigation in the District of Oregon. However, courts in this district have recognized that transfer is less inconvenient for plaintiffs at the outset of litigation. *See U.S.*

*ex rel. Swan v. Covenant Care Inc.*, No. C-97-3814 MHP, 1999 WL 760610, at *3 (N.D. Cal. Sept. 21, 1999) ("Plaintiffs will not be inconvenienced by a transfer of the action at this point because the litigation is relatively young, and this court has not yet become greatly involved in this litigation"). This instant matter is still in its early stages as the pleadings are not yet settled. In addition, the Court notes that if Plaintiff was able to travel to Oregon to document and witness Defendants allegedly killing cormorants, Plaintiff would not be unreasonably inconvenienced if this matter were transferred to the District of Oregon. Accordingly, the Court finds that this factor favors transfer.

**D. Access to Evidence**

Ease of access to evidence is generally not a predominate concern in evaluating whether to transfer venue because "advances in technology have made it easy for documents to be transferred to different locations." *Metz*, 674 F. Supp. 2d at 1149. Similar to Defendants' arguments with respect to convenience of witnesses, Defendants argue that evidence in this matter would be easier to access in the District of Oregon as the events giving rise to the complaint occurred there. (Doc. No. 5-1 at 3.) In opposition, Plaintiff argues that due to advances in technology, this factor only "slightly" favors transfer. (Doc. No. 7 at 3.) As Plaintiff and Defendants have not provided any additional information as to where records and information are stored in relation to this matter, this matter weighs neutrally.

**E. Each Forum's Familiarity with Applicable Law**

Defendants state that they are "unaware whether this Court is familiar with the laws that apply to this case, but is aware that the District of Oregon is familiar with it" as the *Audubon* case is currently pending in the District of Oregon. (Doc. No. 5-1 at 4.) In response, Plaintiff briefly states that both courts are familiar with the First Amendment. (Doc. No. 7 at 3.)

Plaintiff's three causes of action are: (1) Violation of the First Amendment; (2) All Writs Act 28 U.S.C. § 1651; and (3) False Statements to a Federal Officer 18 U.S.C. § 1001. (Doc. No. 1 ¶¶ 21-34.) The Court is confident that both the District Court of Oregon

and the Southern District of California are familiar and fully capable of applying these federal laws to this matter. For this reason, the court concludes this factor weighs neutrally.

**F. Consolidation With Other Claims**

Defendants argue that a similar case, *Audubon Society of Portland v. U.S. Army Corps of Engineers*, is currently pending in the District of Oregon. Therefore, transfer to the District of Oregon will eliminate inconsistent rulings and prevent a waste of judicial resources. (Doc. No. 5-1 at 4.) In opposition, Plaintiff contends that the case pending before the District of Oregon is dissimilar to the current matter. (Doc. No. 7 at 2.) Plaintiff argues that its complaint is against the USCG for establishing a 500 yard exclusionary zone around where the U.S. Fish and Wildlife Service ("USFWS") is killing cormorants whereas the matter before the District of Oregon deals with a suit against USFWS for killing cormorants. (*Id.*)

The Supreme Court has long held that "[to] permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District courts leads to the wastefulness of time, energy and money that [Section] 1404(a) was designed to prevent." *Cont'l Grain Co. v. The FBL-585*, 364 U.S. 19, 26 (1960). For this reason, when deciding whether to transfer a case under Section 1404(a), "[t]he interest of justice alone can be decisive even if witness and party convenience weigh against transfer." *Wood v. Best Buy Co.*, No. 11-1877 SC, 2011 WL 3740812, at * 1 (N.D. Cal. Aug. 25, 2011). The Court notes that the *Aubudon* case currently pending in the District of Oregon has different plaintiffs and additional defendants than this present matter. However, Defendant Wildlife Services is also named as a defendant in the *Aubudon* matter. In addition, though both cases have different causes of action, they both allege that beginning in April of 2016, Defendant Wildlife Services began killing cormorants on the Columbia River. As such, in consideration of the interest of judicial economy, the overlap of factual allegations as well as the presence of Defendant Wildlife Services in both cases favors transfer to the District of Oregon.[2]

---

[2] The Court additionally notes that though consolidation may not be possible, having one district court or one judge handle similar cases is in the interest of judicial economy.

**G. Local Interest in Controversy**

Defendants rely on this case's connection to Oregon to argue that California has little interest in adjudicating this matter. (Doc. No. 5-1 at 5.) In opposition, Plaintiff argues that the Southern District has just as much interest in enforcing the First Amendment as the District of Oregon. (Doc. No. 7 at 3.) Here, as noted above, many of the specific events at issue in this dispute occurred in Oregon. Thus, the Court finds this factor to weigh in favor of transfer. *See Vu*, 602 F. Supp. 2d at 1157 (finding that, while the transferee district's interest was not substantially stronger than the transferor's, it "nevertheless remains stronger because the events at issue took place there").

**H. Relative Court Congestion and Time of Trial in Each Forum**

In analyzing a motion to transfer venue, courts are also directed to consider the relative court congestion in each proposed venue. Defendants briefly argue in their motion that it is not likely that the case loads of judges in the District of Oregon are any worse than the District of Southern California. (Doc. No. 5-1 at 5.) Plaintiff does not address the issue of relative court congestion and time of trial in either forum and does not respond to Defendants' arguments. Without more, the Court finds this factor weighs neutrally, neither for nor against transfer.

**IV. CONCLUSION**

As both parties have provided minimal briefing for this instant motion, most of the considerations weigh neutrally. However, after balancing the remaining factors, the Court finds that convenience of the parties, local interest in the controversy, and the fact that Defendant Wildlife Services is a defendant in another similar case pending before the District of Oregon favors transfer of this matter. As such, Defendants' motion to transfer venue to the District of Oregon is **GRANTED**.

IT IS SO ORDERED.

Dated: September 21, 2016

Hon. Anthony J. Battaglia
United States District Judge